# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| ZACHARIAH ROBERTSON, Individually and on Behalf of All Others Similarly Situated, | CASE NO: 1:19-cv-2910 |
| v. | COLLECTIVE ACTION (29 U.S.C. § 216(b)) |
| REP PROCESSING, LLC. d/b/a RIMROCK ENERGY PARTNERS | |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Zachariah Robertson brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Defendant REP Processing, LLC d/b/a Rimrock Energy Partners (Rimrock).

2. Robertson and the other workers like him regularly worked for Rimrock in excess of 40 hours each week.

3. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

4. Instead of paying overtime as required by the FLSA, Rimrock paid these workers a daily rate with no overtime pay. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

7. Robertson works for Rimrock in this District in Weld County, Colorado.

## THE PARTIES

8. Robertson has been performing work for Rimrock as a welding inspector from approximately March 2019 through the present. Throughout his time with Rimrock, he has been paid a day-rate with no overtime compensation. His consent to be a party plaintiff is attached as Exhibit A.

9. Robertson brings this action on behalf of himself and all other similarly situated workers paid by Rimrock's day-rate system. Rimrock paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated workers ("Putative Class Members") consists of:

> **Current and former inspectors employed by or performing work on behalf of REP Processing, LLC d/b/a Rimrock Energy Partners and paid a day-rate without overtime during the past three years.** (the Putative Class Members).

10. Rimrock is a corporation doing business throughout the United States. Rimrock may be served by serving its registered agent for service of process: The Corporation Company, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

## COVERAGE UNDER THE FLSA

11. For at least the past three years, Rimrock has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. For at least the past three years, Rimrock has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. For at least the past three years, Rimrock has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working

on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

14. For at least the past three years, Robertson and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

15. Rimrock's business is to "develop, acquire, and operate midstream [oil and gas] assets in various basins throughout Colorado, Wyoming, New Mexico, Texas, and Oklahoma."[1] One of Rimrock's larger current public projects is the construction of the Pierce Gas Processing & Gathering facility that processes 200 million cubic feet of gas per day (MMcf/d) t with over 120 miles of gathering pipeline.[2] The vast amount of pipeline involved in its projects necessitates the use of welding and pipeline inspectors throughout the construction and production process.

16. Many of these inspectors worked for Rimrock on a day-rate basis and make up the proposed Putative Class. While exact job titles and job duties may differ, these inspectors are subjected to the same or similar illegal pay practices for similar work. Specifically, Rimrock paid these workers a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

17. For example, Robertson worked for Rimrock starting in March 2019 through the present as a welding inspector. Throughout his time with Rimrock, he was paid on a day-rate basis.

---

[1] http://rimrockenergy.com/about-us/ (Last visited October 10, 2019).
[2] http://rimrockenergy.com/assets/ (Last visited October 10, 2019).

18. As a welding inspector, Robertson's primary job duties included inspecting oil and gas pipelines and other welding projects as needed. Robertson worked well in excess of 40 hours each week while employed by Rimrock.

19. The work Robertson performed was an essential part of Rimrock's core business.

20. These workers carry out the hands-on, day-to-day production work of Rimrock.

21. Workers like Robertson are an integral part of the work Rimrock does.

22. To the extent employees make "decisions," the decisions do not require the exercise of independent discretion and judgment.

23. Instead, Rimrock employees apply well-established techniques and procedures. The daily report submitted by Robertson to his supervisors is generated and required by Rimrock. Robertson and the other inspectors' supervisors are Rimrock employees. The assignments and schedules for Robertson and the other inspectors are created and assigned by Rimrock. The timesheets that Robertson and the inspectors submit to be paid are approved and audited by Rimrock.

24. Inspectors are not permitted to deviate from established quality standards.

25. These workers are blue collar. They rely on their hands, physical skills, and energy to perform manual labor in the field.

26. With these job duties, these employees are clearly **non-exempt** under the FLSA.

27. Rimrock paid Robertson and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

28. Robertson was paid on a day-rate basis throughout his time with Rimrock.

29. Robertson and the Putative Class Members were not paid a salary.

30. Robertson and the Putative Class Members were not guaranteed a predetermined amount above $455.00 per week.

31. Rimrock typically scheduled Robertson to work 10-12 hour shifts, for as many as 6-7 days a week.

32. But Rimrock did not pay Robertson overtime.

33. Robertson and the Class Members worked for Rimrock over the past three years across the United States.

34. As a result of Rimrock's pay policies, Robertson and the Class Members were denied the overtime pay required by federal law.

35. Rimrock keeps accurate records of the hours, or at least days, its employees work.

36. It also keeps accurate records of the amount of pay these workers receive.

37. Despite knowing the FLSA requirements and that its inspectors regularly worked more than 40 hours in a workweek, Rimrock does not pay them overtime.

38. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

39. The Putative Class Members regularly worked in excess of 40 hours each week.

40. Like Robertson, the Putative Class Members were generally scheduled for daily shifts of 12 (or more) hours for weeks at a time.

41. Rimrock did not pay Robertson on a salary basis.

42. Rimrock did not pay the Putative Class Members on a salary basis.

43. Rimrock paid Robertson on a day-rate basis.

44. Rimrock paid the Putative Class Members on a day-rate basis.

45. Rimrock failed to pay Robertson overtime for hours worked in excess of 40 hours in a single workweek.

46. Rimrock failed to pay the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

## FLSA VIOLATIONS

47. Robertson incorporates the preceding paragraphs by reference.

48. As set forth herein, Rimrock violated the FLSA by failing to pay Robertson and the Class Members overtime at 1 and ½ times their regular rate of pay, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

49. At all relevant times, Rimrock has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

50. Rimrock employed Robertson and each member of the Class.

51. Rimrock's pay policy denied Robertson and the Class Members overtime compensation at the legal overtime rates required by the FLSA.

52. Rimrock owes Robertson and the Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

53. Rimrock knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Robertson and the Class is willful.

54. Due to Rimrock's FLSA violations, Robertson and the Class Members are entitled to recover from Rimrock for their unpaid overtime compensation, liquidated damages, treble damages, reasonable attorney fees, costs, and expenses of this action.

55. The improper pay practices at issue were part of a continuing course of conduct, entitling Robertson and Class Members to recover for all such violations, regardless of the date they occurred.

## JURY DEMAND

56. Robertson demands a trial by jury.

**RELIEF SOUGHT**

57. WHEREFORE, Robertson prays for judgment against Defendant as follows:

a) An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b) For an Order appointing Robertson and his counsel to represent the interests of the FLSA Class;

c) For an Order finding Defendant liable to Robertson and the Potential Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d) For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

e) For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
   Michael A. Josephson
   State Bar No. 24014780
   mjosephson@mybackwages.com
   Andrew W. Dunlap
   State Bar No. 24078444
   adunlap@mybackwages.com
   **JOSEPHSON DUNLAP**
   11 Greenway Plaza, Suite 3050
   Houston, Texas 77046
   713-352-1100 – Telephone
   713-352-3300 – Facsimile

   **AND**

          Richard J. (Rex) Burch
          Texas Bar No. 24001807
          **BRUCKNER BURCH, P.L.L.C.**
          8 Greenway Plaza, Suite 1500
          Houston, Texas 77046
          713-877-8788 – Telephone
          713-877-8065 – Facsimile
          rburch@bruknerburch.com

        **ATTORNEYS IN CHARGE FOR PLAINTIFF**