IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 19-cv-02910-PAB-NYW

ZACHARIAH ROBERTSON, individually and on behalf of others similarly situated,

    Plaintiff,

v.

REP PROCESSING, LLC, d/b/a RIMROCK ENERGY PARTNERS,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Motion to Strike or Sever Third Party-Complaint [Docket No. 22] and Defendant/Third-Party Plaintiff REP Processing, L.L.C. d/b/a Rimrock Energy Partners' Motion for Leave to Amend Third-Party Complaint [Docket No. 27]. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

**I. BACKGROUND**

On October 11, 2019, plaintiff Zachariah Robertson sued defendant REP Processing, Inc., d/b/a Rimrock Energy Partners ("Rimrock") under the Fair Labor Standards Act ("FLSA") seeking to recover unpaid overtime wages that he argues he and similarly situated individuals are owed. Docket No. 1 at 1, ¶ 1. Plaintiff alleges that he has worked for Rimrock since March 2019 and continues to do so. *Id.* at 2, ¶ 8. He alleges that he and the putative class members regularly worked over 40 hours per

week, but that Rimrock failed to pay its employees for overtime. *Id.* at 5-6, ¶¶ 31, 38, 45-46.

On November 11, 2019, Rimrock filed a third-party complaint [Docket No. 10] against Kestrel Field Services, Inc. ("Kestrel"). Docket No. 10 at 1. Rimrock alleges that plaintiff was never employed by Rimrock, but was instead employed by Kestrel, one of Rimrock's contractors. *Id.* at 3, ¶ 8.[1] As such, Rimrock "seeks to implead Kestrel, as Kestrel was the actual entity who employed [plaintiff] during the relevant time period of [plaintiff's] work as a welding inspector." *Id.*, ¶ 11. Rimrock brings one cause of action, asserting that "[i]f Rimrock is found liable to [plaintiff] for violating the FLSA, then Kestrel is liable to Rimrock for all or part of the claims against it and should be required to contribute to any damages awarded to Plaintiff." *Id.* at 4, ¶ 12. Rimrock asserts that the Court has supplemental jurisdiction over the impleader action under 28 U.S.C. § 1367. *Id.* at 2, ¶ 4.

On December 18, 2019, plaintiff filed a motion to strike or sever Rimrock's third-party complaint. Docket No. 22. Plaintiff argues that Rimrock's complaint should be stricken or severed because (1) Rimrock cannot contract away its FLSA obligations, *id.* at 4, and (2) Rimrock has failed to demonstrate a basis for the Court to exercise supplemental jurisdiction. *Id.* at 10.

Rimrock opposes plaintiff's motion. Docket No. 26. In addition, Rimrock filed a motion to amend its third-party complaint [Docket No. 27] "to clarify its causes of action

---

[1] According to Rimrock, plaintiff originally filed a lawsuit against Kestrel, but voluntarily dismissed his claims without prejudice on October 9, 2019. Docket No. 10 at 1; *see also* District of Colorado Case Number 19-cv-02409-RBJ.

against Kestrel for contractual indemnity and contribution and breach of contract." Docket No. 27 at 2. Rimrock's proposed amended complaint brings two distinct causes of action: breach of contract and contractual contribution/indemnification. Docket No. 27-1 at 5-6. Plaintiff opposes Rimrock's motion to amend. Docket No. 35.

## II. LEGAL STANDARD – MOTION TO STRIKE

Under Rule 14 of the Federal Rules of Civil Procedure, "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "Any party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). "The decision to permit third-party proceedings under Rule 14 'rests in the sound discretion of the trial court.'" *Armstrong Transp. Grp., Inc. v. TR Toppers, Inc.*, No. 12-CV-02821-MSK-MEH, 2013 WL 12192489, at *2 (D. Colo. Mar. 13, 2013) (quoting *First Nat. Bank of Nocana v. Duncan Sav. & Loan*, 957 F.2d 775, 777 (10th Cir. 1992)).

"Rule 14 was intended 'to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits.'" *Id.* (quoting *United States v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954)). As such, Rule 14 "should be liberally construed to effectuate its intended purposes." *Acord*, 209 F.2d at 712.

However, the rule should not be used as a "catchall for independent litigation." *U.S. Fidelity & Guaranty Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968). "A third-party complaint may be asserted under [Rule 14(a)] only when the third party's

3

liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant." *Saine v. A.I.A., Inc.*, 582 F. Supp 1299, 1309 (D. Colo. 1984).  While "[i]t is not permissible to bring in a person as a third party defendant simply because he is or may be liable to the Plaintiff," *Weil v. Dreher Pickle Co.*, 76 F.R.D. 63, 65 (W.D. Okla. 1977), "the third-party complaint is a narrow device for seeking indemnification or contribution from a person 'who is or may be liable to (the defendant) for all or part of the plaintiff's claim against him.'" *deHaas v. Empire Petroleum Co.*, 286 F. Supp. 809, 815 (D. Colo. 1968) (quoting Fed. R. Civ. P. 14)).  The decision to grant a motion to strike under Rule 14 is within the sound discretion of the trial court.  *Perkins*, 388 F.2d at 773.

## III. ANALYSIS

Plaintiff argues that Rimrock's third-party complaint should be stricken because (1) the FLSA and Colorado law do not permit Rimrock's indemnification claims and (2) Rimrock has not established that the Court has supplemental federal jurisdiction over its third-party claims.  Docket No. 22 at 5, 10.  Because subject matter jurisdiction is a threshold issue, *Robinson v. Brown & Williamson Tobacco Corp.*, 909 F. Supp. 824, 826 (D. Colo. 1995), the Court first addresses whether Rimrock's third-party complaint should be dismissed for lack of jurisdiction.[2]

---

[2] Because Rimrock filed its motion to amend in response to plaintiff's motion to strike, *see* Docket No. 27 at 2, and because the Court's resolution of the motion to amend turns on whether the amended complaint would be subject to dismissal for any reason, *E.SPIRE Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004), the Court analyzes plaintiff's motion to strike in light of Rimrock's proposed amended complaint [Docket No. 27-1].

### A. Supplemental Jurisdiction

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "A claim is part of the same case or controversy if it derives from a common nucleus of operative fact." *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010) (quotation and alteration marks omitted). "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). With that said, "federal jurisdiction is not mandatory over pendent claims or parties." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004). "[T]he Supreme Court repeatedly has determined that supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion," and "district courts may decline to exercise supplemental jurisdiction." *Id.*

Plaintiff argues that the Court does not have supplemental jurisdiction over Rimrock's third-party claims because the claims are not sufficiently related to plaintiff's FLSA claims such that the claims arise out of the same common nucleus of operative fact. Docket No. 22 at 10. Specifically, plaintiff asserts that his FLSA claims "turn on whether he and the Putative Class Members were properly classified as independent

5

contractors (as opposed to employees) under the FLSA," while Rimrock's claims are "Colorado state law claims involving contract interpretation relating to contribution (and indemnity) and determining scope and responsibility." *Id.* at 10-11. Plaintiff argues that Rimrock's claims have "[nothing] to do with [the] FLSA claims, or whether Rimrock is liable to [plaintiff] for damages under the FLSA." *Id.* at 11.

Rimrock disagrees, arguing that the Court may exercise supplemental jurisdiction over Rimrock's third-party claims because they arise out of the same nucleus of operative fact. Docket No. 26 at 14. It asserts that "the Tenth Circuit has considered much more disparate claims as arising from the same occurrence, and approved extending supplemental jurisdiction over same," but does not cite to any example cases. *Id.* Instead, Rimrock relies on *Schultz v. Nomac Drilling, L.L.C.*, 2017 WL 2958621 (W.D. Okla. July 11, 2017), which, according to Rimrock, "involved virtually the same factual scenario as the present case," in support of its argument that the Court has supplemental jurisdiction over the third-party claims. Docket No. 26 at 13-14.

In *Schultz*, the plaintiff sued under the FLSA for his employer's alleged failure to pay its employees their earned overtime wages. 2017 WL 2958621, at *1. The employer raised claims through a third-party complaint against a third-party defendant, arguing that the employer and the third party had entered into a contract "in which [the third party] agree[d] to indemnify [the employer] against the FLSA wage claims." *Id.* Pursuant to this contract, the employer sued the third-party company for breach of contract and indemnification. *Id.* The plaintiff moved to dismiss the third-party claims,

in part, on an argument that the court lacked supplemental subject matter jurisdiction over those claims. *Id.*

The court denied the plaintiff's motion to dismiss, finding that the third-party claims "[bore] directly" on the plaintiff's claims. *Id.* at *2. Specifically, the court found that the plaintiff's FLSA claims and the defendant's claims for breach of contract and indemnification "stem[med] from a common set of facts," namely, that the plaintiff "believe[d] he [was] owed overtime wages under the FLSA," and, at the same time, [a contract] purport[ed] to transfer any FLSA liability from [the defendant] to [the third-party defendant]." *Id.* Because the court found that the third-party claims stemmed from a common set of facts with respect to the primary FLSA claims, it determined that the exercise of supplemental jurisdiction over the third-party claims was appropriate. *Id.* at *3.

Plaintiff argues that the Court should not follow *Schultz* because *Schultz* does not address "the joint and several liability of joint employers under the FLSA." Docket No. 33 at 7. Plaintiff asserts that Rimrock and Kestrel are joint employers, *see* Docket No. 22 at 7-8; Docket No. 33 at 7, and that plaintiff's ability to recover against Rimrock is not impacted in any way by Kestrel. *Id.* However, plaintiff's argument is based on an assumption that Rimrock is incontestably a joint employer of plaintiff. *See id.* ("Indeed, the analysis in *Schultz* simply does not apply to the present case, where Rimrock is joint and severally liable for violations of the FLSA due to its status as a joint employer – a fact which Rimrock itself concedes."). But Rimrock has not conceded that it is a joint employer. *See* Docket No. 26 at 2 ("Rimrock specifically disputes that it was

[plaintiff's] employer or a joint employer with Kestrel."); *see also* Docket No. 27-1 at 3, ¶ 2 (alleging, in its proposed amended complaint, that Kestrel employed plaintiff).

Courts are split with respect to whether an entity's status as a joint employee is a question of law, *see, e.g., Garcia-Celestino v. Ruiz Harvesting, Inc.*, 843 F.3d 1276, 1293 n.13 (11th Cir. 2016), or a mixed question of law and fact. *See, e.g., Ling Nan Zheng v. Liberty Apparel Co. Inc.*, 617 F.3d 182, 185 (2d Cir. 2010). Regardless, the Court finds that a determination as to Rimrock's employer status cannot properly be made at this stage of the litigation, as it takes the facts alleged in Rimrock's proposed amended complaint as true for purposes of resolving the motions to strike and amend. *See Corp. Stock Transfer, Inc. v. AE Biofuels*, *Inc.*, 663 F. Supp. 2d 1056, 1067 (D. Colo. 2009). In any event, plaintiff has not explained why Rimrock's and Kestrel's purported status as joint employers has any effect on the question of whether Rimrock's third-party claims arise from the same common nucleus of operative fact as plaintiff's claims. The Court finds that, because all of the claims involve the question of liability for plaintiff's FLSA claims, the claims are sufficiently related so as to find that they arise out of the same common nucleus of operative fact. Taking into consideration judicial economy, convenience, fairness, and comity, *see Cohill*, 484 U.S. at 350, the Court will exercise its discretion to find that it has supplemental jurisdiction over Rimrock's third-party claims.

### B. FLSA and Indemnification

In the alternative, plaintiff argues that Rimrock's indemnification claims are improper under the FLSA. Docket No. 22 at 4. Specifically, plaintiff asserts that the

FLSA does not permit an employer to contract away its FLSA liability, and argues that permitting indemnification in this case would contravene the purposes of the FLSA. *Id.* at 6-7. Rimrock disagrees. Rimrock concedes that "the FLSA does not itself provide a vehicle for contribution or indemnification," but asserts that the FLSA is not the basis for its claims. Docket No. 26 at 8. Instead, Rimrock states that its claims are brought pursuant to state common law breach of contract principles and its written agreement with Kestrel. *Id.*

The Tenth Circuit has not addressed whether a defendant employer in an FLSA case has a right to seek indemnification from another employer. In *Martin v. Gingerbread House, Inc.*, the Tenth Circuit considered whether, in FLSA cases, employers could bring indemnification claims against employees. 977 F.2d 1405, 1407 (10th Cir. 1992). The Tenth Circuit determined that, because "[i]ndemnity actions against employees work against the purposes of the FLSA" – e.g., providing minimum standards in the work place, *see Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960) – "[c]ompliance with the FLSA [would] not be furthered if employees must defend against indemnity actions." *Martin*, 977 F.2d at 1407-08. In addition, the court noted that indemnity actions "are not part of the comprehensive statutory scheme set forth by Congress." *Id.* at 1408. Thus, the Tenth Circuit determined that the state law indemnity claim was preempted by the FLSA. *Id.*

Although the Tenth Circuit has not yet ruled on whether an indemnity action against an alleged joint employer is permissible in the FLSA context, many other courts have. For example, the Second and Ninth Circuits have held that there is no right of

9

contribution or indemnification for employers under the FLSA. *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999); *Scalia v. Employer Sols. Staffing Grp., LLC*, 951 F.3d 1097 (9th Cir. 2020). In *Scalia*, the Ninth Circuit examined the FLSA to determine whether Congress intended to create the private remedy of contribution or indemnification, focusing on four factors: "(1) the statute's text; (2) 'the underlying purpose and structure of the statutory scheme'; (3) 'the likelihood that Congress intended to supersede or to supplement existing state remedies'; and (4) the statute's legislative history." *Id.* at 1103 (quoting *Nw. Airlines, Inc. v. Transp. Workers Union*, 451 U.S. 77, 91 (1981)). The court noted that the FLSA, and its legislative history, are silent with respect to whether employers who have violated the FLSA have a right to contribution or indemnification from another entity. *Id.* at 1104. Most notably, however, the Ninth Circuit found that the FLSA's "'central purpose' is to 'enact minimum wage and maximum hours provisions designed to protect employees,' not employers," *id.* (quoting *Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1154 (9th Cir. 2000)), and that the FLSA has a "comprehensive remedial scheme as shown by the express provision for private enforcement in certain carefully defined circumstances." *Id.* (quotation omitted). The Ninth Circuit found that the FLSA's comprehensive remedial scheme "'strongly evidences an intent not to authorize additional remedies' beyond those expressly allowed under the statute.'" *Id.* (quoting *Nw. Airlines*, 451 U.S. at 93-94). In sum, the Ninth Circuit found "no indication that Congress intended to create a right to contribution or indemnification for employers under the FLSA" and affirmed the district court's denial of the employer's motion to file a third-party complaint seeking

contribution. *Id.* at 1104-05; *see also Herman*, 172 F.3d at 144 (holding that "there is no right to contribution or indemnification for employers held liable under the FLSA.").

Rimrock argues that *Herman* and various district court decisions adopting its reasoning are inapplicable here because these cases discussed whether the FLSA itself created a right to indemnification. Docket No. 26 at 12. Rimrock argues that it has a potential breach of contract claim against Kestrel, and asserts that the Court should follow the "several district courts [that] have recognized the availability of a contractual indemnity or contribution claim by a putative employer against its joint employer." *Id. See, e.g., Daniels v. Bd. of Trustees of Herington Mun. Hosp.*, 841 F. Supp. 363 (D. Kan. 1993); *Varnell, Struck & Assocs., Inc. v. Lowe's Cos., Inc.*, 2008 WL 1820830 (W.D.N.C. Apr. 21, 2008); *Itzep v. Target Corp.,* 2010 WL 2278349 (W.D. Tex. June 4, 2010). In each case, the court permitted an employer to pursue a contractual indemnity claim against a third-party, finding that such claims did not contravene the purposes of the FLSA. *See Daniels*, 841 F. Supp. at 369 (rejecting argument that indemnification violates public policy because, unlike *Martin*, the employer sought indemnification from a county, not its employees); *Varnell*, 2008 WL 1820830, at *10 (adopting recommendation that the plaintiff's argument that indemnification violates public policy be rejected because the employer sought indemnification from a third party, not its employees); *Iztep*, 2010 WL 2278349, at *24 (rejecting argument that indemnification is contrary to public policy and void under Minnesota law because employer sought indemnification from a third party for the third party's alleged wrongful acts, and separately finding that "the FLSA does not preempt a

11

contractual agreement between joint employers concerning the allocation of risk and obligation under the FLSA").

For each FLSA case that permits contractual indemnity claims, however, there is a case that prohibits the same.  For example, in *Gustafson v. Bell Atlantic Corp.*, 171 F. Supp. 2d 311 (S.D.N.Y. 2001), the court held that there is no right to indemnification for damages assessed under the FLSA.  *Id.* at 328.  The court rejected the defendants' attempt to characterize their indemnification claim as one for a breach of contract because "[w]hether or not [the third party] breached a contractual obligation, defendants' attempt to recover damages from [the third party] for overtime violations is an attempt to receive indemnification for FLSA liability."  *Id.*  The court concluded that indemnification "contradicts the policies of the FLSA," which was "designed to regulate the conduct of employers for the benefit of employees."  *Id.* (citation omitted).  "Allowing indemnification in cases such as this would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute."  *Id.*; *see also Goodman v. Port Auth. of N.Y. and N.J.*, 850 F. Supp. 2d 363, 389 (S.D.N.Y. 2012) (granting motion to dismiss cross-claim for contractual indemnification in FLSA case because permitting indemnification would circumvent purposes of FLSA); *McDougal v. G & S Tobacco Dealers, L.L.C.*, 712 F. Supp. 2d 488, 497 (N.D.W. Va. 2010) (finding that indemnification claims, "whether . . . based on contractual or equitable contribution, indemnification, breach of contract, breach of warranty, agency, or another state contract or equity claim, are preempted by the provisions of the FLSA").[3]  In short, the

---

[3] Rimrock asserts that these cases are inapplicable because they did not address a situation in which an employer sought indemnification from an alleged joint

courts appear to be fairly evenly split with respect to whether contractual indemnity claims against third parties are permissible in FLSA cases. *See Lee v. Krystal Co.*, 2013 WL 424656, at *3 n.3 (S.D. Ala. Feb. 4, 2013) ("[I]t is far from clear that a cognizable right to contractual indemnification exists in the FLSA context, given the public policy interests at stake."); *see also Barfield v. Madison Cty., Miss.*, 212 F.3d 269, 273 n.4 (5th Cir. 2000) ("Although we do not decide the matter, there is a bona fide question whether the FLSA permits the application of a state-law based indemnity remedy benefitting employers.").

Despite Rimrock's attempt to frame its indemnification claims as permissible contractual claims, the Court finds that Rimrock's claims are improper in the FLSA context. First, the Court notes that Rimrock has provided no reason why framing its claims as grounded in contract, rather than the FLSA, permits it to sidestep the concerns associated with contradicting the purposes of the FLSA. Regardless, the Court is unconvinced by Rimrock's assertion that indemnification is proper here

---

employer. *See* Docket No. 26 at 11. In *Gustafson*, the defendant employer sought indemnification from the plaintiff's former company. 171 F. Supp. 2d at 316. In *Goodman*, the defendant employer sought indemnification from a co-defendant employer, but the case did not discuss whether these employers were in a joint employer relationship. 850 F. Supp. 2d at 388-89. And in *McDougal*, the defendant sought indemnification from its former owner. 712 F. Supp. 2d at 491. However, these cases did not turn on the status of the proposed third-party defendant or its relationship with the primary defendant; rather, they turned on whether the FLSA itself permitted indemnification claims. *See Gustafson*, 171 F. Supp. 2d at 328; *Goodman*, 850 F. Supp. 2d at 389; *McDougal*, 712 F. Supp. 2d at 497 (FLSA indemnification claims are "antithetical to the purpose of the FLSA" and "undermine the public policy established by the FLSA"). *Cf. Cummings v. Cenergy Int'l Servs., LLC*, 258 F. Supp. 3d 1097, 1112 (E.D. Cal. 2017) ("The Second Circuit concluded in *Herman* there is no right to indemnity under the FLSA, regardless of the status of the one from whom indemnity is sought.").

because its claim are contract-based. The proposed amended third-party complaint attempts to assert two claims: state-law breach of contract and contractual contribution or indemnification. Docket No. 27-1 at 5-6. However, while these claims are couched as contract claims, in reality, they seek indemnification for FLSA liabilities. *See id.* at 6, ¶ 17 ("If Rimrock is found liable to Robertson for violating the FLSA, then Kestrel is liable to Rimrock for Colorado state law breach of contract because Kestrel failed to comply with federal law."); *id.*, ¶ 19 ("If Rimrock is found liable to Robertson for violating the FLSA, then Kestrel is liable to Rimrock for all or part of the claims against it and should be required to contribute to/indemnify Rimrock for any damages awarded to Plaintiff."). Despite Rimrock's framing, the Court construes these claims as seeking indemnification under the FLSA, which are not contemplated by the FLSA's "comprehensive remedial scheme." *Scalia*, 951 F.3d at 1104; *see also Scalia v. MICA Contracting, LLC*, 2019 WL 6711616, at *4 (S.D. Ohio Dec. 10, 2019), *report and recommendation adopted*, 2020 WL 635908 (S.D. Ohio Feb. 11, 2020) (finding that defendants were barred from raising breach of contract claim against proposed third-party defendant because, while the claim was phrased as a separate contract claim, it "in reality [sought] indemnification and contribution . . . for violations of the FLSA"); *see also Finke v. Kirtland Cmty. Coll. Bd. of Tr.*, 359 F. Supp. 2d 593, 601 (E.D. Mich. 2005) ("No matter the label or the underlying legal theory put forth, the action can only be construed in this light as one for contribution or indemnity, which, the Court determines, is not allowed under the FLSA."); *Gustafson*, 171 F. Supp. 2d at 328 ("Whether or not JAG breached a contractual obligation, defendants' attempt to recover damages from

JAG for overtime violations is an attempt to receive indemnification for FLSA liability.").[4]

Even if the Court were to construe Rimrock's third-party claims as entirely separate from the FLSA, the Court finds that indemnification claims would still be improper. "Congress sought to foster a climate in which compliance with the substantive provisions of [the FLSA] would be enhanced." *Mitchell*, 361 U.S. at 292. "The FLSA is a remedial scheme for the benefit of all workers," *Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1111 (10th Cir. 2019), and "was not intended to protect employers at all." *Lee*, 2013 WL 424656, at *3. The Court agrees that "allowing indemnification . . . would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute." *Gustafson*, 171 F. Supp. 2d at 328. Allowing an employer to transfer the entirety of its FLSA liability onto another entity would disincentivize the employer from complying with the substantive provisions of the FLSA, which would contravene the FLSA's purpose of protecting employees. *Goodman*, 850 F. Supp. 2d at 388-89 ("[A] holding that the indemnification clause is enforceable would indeed mean that employers would have little reason to be concerned over . . . [compliance] with the statutorily mandated and unwaivable overtime pay requirements of the FLSA, knowing full well that if they are later found to have violated such requirements, such employers would be totally compensated for any injuries resulting from such action.") (quoting *Local 1035, Int'l Bd. Of Teamsters v. Pepsi Allied*, 99 F.

---

[4] In addition, in *Scalia*, the Ninth Circuit affirmed the dismissal of the employer's indemnification cross-claims upon finding that the FLSA provides no right to indemnity despite the fact that one of the cross-claims was a "contratual indemnity and/or contribution" claim. *See* 951 F.3d at 1105; *see also Perez v. TBG Logistics LLC*, 2016 WL 10919966, at *1 (D. Ariz. Dec. 16, 2016) (the lower court case).

15

Supp. 2d 219, 221 (D. Conn. 2000)).

For this reason, the Court is unpersuaded by Rimrock's assertion that, because it and Kestrel may be joint employers, indemnification is proper. Rimrock argues that indemnification is permitted in the FLSA context to allocate liability between joint employers. *See* Docket No. 26 at 11 ("If Rimrock and Kestrel are found to be joint employers, the parties' [indemnification agreement] is relevant to the allocation of liability between them.") (emphasis omitted). The Court disagrees. "[[T]he FLSA provides no statutory indemnity or contribution remedy for putative joint employers."[5] *Lee*, 2013 WL 424656, at *3. And even in the case of a joint employer, permitting employers found to have violated the FLSA to seek indemnification would nevertheless undermine the purpose of the FLSA, which is to ensure employers' compliance with minimum employment standards and to protect employees, not employers. *Scalia*, 951 F.3d at 1103; *see also* 29 C.F.R. § 791.2(a) ("[A]ll joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the [FLSA]."). "[T]he possibility that [a joint employer] ultimately might not be entitled to indemnification and might have to 'shoulder the entire loss' is the consequence of joint and several liability." *Roy v. FedEx Ground Package Sys., Inc.*, 2020 WL 3799203, at *7 (D. Mass. July 7, 2020).

---

[5] Plaintiff's complaint does not allege that Rimrock is a joint employer. *See* Docket No. 1. Neither do Rimrock's answer, third-party complaint, or proposed amended third-party complaint. Docket No. 9; Docket No. 10; Docket No. 27-1. Instead, defendant raises the issue in its response to plaintiff's motion to strike that, "[f]or [plaintiff] to prevail in his action against Rimrock, he would have to establish that Rimrock was a joint employer along with Kestrel, which Rimrock specifically disputes." Docket No. 26 at 6.

Practically speaking, "an employee is not required to sue all entities that may be responsible as joint employers for violations of the FLSA." *Id.* at *6 n.3. In *Acosta v. RAB Commc'ns, Inc.*, 2019 WL 7282347 (S.D. Ohio Dec. 27, 2019), the court struck the defendant's third-party claims for indemnification, finding that there was "no logical way for Defendant to pursue such claims under the FLSA." *Id.* at *4. Specifically, the court noted that "both the contribution and indemnity claims require that Defendant be found liable first." *Id.* "If Defendant is found to be a liable employer, then its claims for indemnity and contribution are forbidden by the FLSA. But if it is not found to be a liable employer, then it cannot state a claim for indemnity or contribution since those claims require a finding of liability as a preliminary matter." *Id.*; *see also Berryman v. Newalta Envtl. Servs., Inc.*, 2018 WL 5631169, at *3 (W.D. Pa. Oct. 31, 2018) (rejecting defendant's argument that indemnification was proper because, "[i]f [the third party] is the sole employer for purposes of the FLSA . . ., then [the plaintiff] cannot recover from [the defendant] in the first place; therefore, [the defendant] would have no right to indemnity or contribution from [the third party]."). Similarly, if Rimrock is determined to be plaintiff's employer – either singularly or jointly – it will be liable to plaintiff, *see* 29 C.F.R. § 791.2(a), and indemnification would be prohibited under the FLSA. *Scalia*, 951 F.3d at 1104-05. Thus, Rimrock may continue to assert, as a defense throughout this litigation, that it is not plaintiff's employer, and, if successful, Rimrock will not need to seek indemnification from Kestrel. However, the potential existence of Kestrel as a joint employer does not change the Court's indemnification analysis. The Court finds that Rimrock's claims for indemnification are improper and will grant plaintiff's motion to

strike. As a result, Kestrel will be dismissed as a defendant from this lawsuit.

Because the Court finds that Rimrock's indemnification claims are improper, the Court will deny Rimrock's motion to amend. See *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) ("[A] district court may deny leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.") (quotation omitted); *see also E.SPIRE Commc'ns*, 392 F.3d at 1211 (Amendment is futile where the proposed amended complaint would be subject to dismissal for any reason.).

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that Plaintiff's Motion to Strike or Sever Third Party-Complaint [Docket No. 22] is **GRANTED**. It is further

**ORDERED** that REP Processing, L.L.C. d/b/a Rimrock Energy Partners' Third-Party Complaint [Docket No. 10] is **STRICKEN**. It is further

**ORDERED** that Kestrel Field Services, Inc., is dismissed as a defendant in this case. It is further

**ORDERED** that Defendant/Third-Party Plaintiff REP Processing, L.L.C. d/b/a Rimrock Energy Partners' Motion for Leave to Amend Third-Party Complaint [Docket No. 27] is **DENIED**.

DATED September 24, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge