IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 19-cv-02910-PAB-NYW

ZACHARIAH ROBERTSON, individually and on behalf of others similarly situated,

    Plaintiff,

v.

REP PROCESSING, LLC, d/b/a RIMROCK ENERGY PARTNERS,

    Defendant.

# ORDER

This matter is before the Court on Plaintiff's Amended Expedited Motion for Conditional Certification and Notice to Putative Class Members [Docket No. 70]. REP Processing, LLC d/b/a Rimrock Energy Partners ("Rimrock") responded, Docket No. 71, to which plaintiff replied. Docket No. 72.

## I. BACKGROUND

The background facts and procedural history are set out in the order denying Rimrock's motion to compel arbitration, Docket No. 50, and in the order granting plaintiff's motion to strike or sever Kestrel Field Services, Inc.'s ("Kestrel") and denying Rimrock's motion for leave to amend. Docket No. 49. These facts will not be repeated except as necessary for purposes of this order.

## II. ANALYSIS

### A. Conditional Certification

Plaintiff asks the Court to conditionally certify this case as a collective action

pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, which provides in pertinent part:

> Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages . . . . An action to recover the liability prescribed in [section 207] may be maintained against any employer . . . in any Federal . . . court of competent jurisdiction by any one or more employees *for and in behalf of himself or themselves and other employees similarly situated*.

29 U.S.C. § 216(b) (emphasis added). There is a two-step approach for determining whether plaintiffs are "similarly situated" for purposes of FLSA collective action certification. *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).[1] A court's initial certification comes at the notice stage, where courts determine whether plaintiffs are similarly situated for purposes of sending notice to putative class members. *Id.* at 1102. Plaintiff is required to provide "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id.*; *see also Stransky v. HealthONE of Denver, Inc.*, No. 11-cv-02888-WJM-MJW, 2012 WL 6548108, at *4 (D. Colo. Dec. 14, 2012). This is a "lenient" standard, *Baldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005), "which typically results in conditional certification of a representative class." *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007).

---

[1] *Thiessen* involved a collective action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. Because the ADEA adopts the collective action mechanism set forth in FLSA § 216(b), courts apply *Thiessen* to FLSA collective actions. *See Kaiser v. At The Beach, Inc.*, 2010 WL 5114729, at *4 n.9 (N.D. Okla. Dec. 9, 2010); *see also Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004).

The second stage, which comes at the conclusion of discovery, applies a stricter standard of "similarly situated," including application of at least four factors, to determine whether the case can proceed as a collective action. *Thiessen*, 267 F.3d at 1102–03.

    Plaintiff seeks to represent a class consisting of:

> All current and former inspectors, staffed through Kestrel Field Services, Inc. who work[ed] for or on behalf of REP Processing, LLC d/b/a Rimrock Energy Partners and who were paid according to its day rate plan in the past three (3) years (the "Day Rate Inspectors").

Docket No. 70 at 2. Plaintiff argues that he and other Day Rate Inspectors were "staffed to Rimrock through a third-party payroll and staffing company, Kestrel Field Services, Inc." ("Kestrel"). *Id.* at 4. Plaintiff states that Rimrock admitted that it intended to "work around the FLSA" by using workers like plaintiff for specific projects and that it, not Kestrel, was responsible for selecting, hiring, and on-boarding Day Rate Inspectors. *Id.* Plaintiff states that Rimrock required inspectors to work in excess of 40 hours per week, yet paid inspectors a day rate, with no weekly guarantee of hours or days worked, and paid improper and inconsistent overtime. *Id.* at 5.

    As support for his allegations, plaintiff has provided a declaration stating that he frequently worked 60 to 72 hours per week yet was paid a flat sum or "day rate" for each day worked, without regard to hours worked or days in a workweek, and that, through conversations with co-workers, he learned that others were paid similarly. *See generally* Docket No. 70-1. Plaintiff also provided a daily pay rate schedule from 2019 ("2019 Rate Schedule"), which, plaintiff states, shows that he and other inspectors were paid a flat amount per day regardless of the number of hours worked. *See* Docket No.

70-2. Plaintiff has also provided his pay stubs. *See* Docket No. 70-3.

The Court finds that plaintiff has provided substantial allegations that the putative collective members were subject to a single decision, policy, or plan, *see Thiessen*, 267 F.3d at 1102–03, and that, at the initial stage, these allegations are enough to authorize notice to the putative class members.

Rimrock makes several objections. First, Rimrock argues that plaintiff has made no showing of an "overarching decision, policy, or plan that violates" the FLSA or that plaintiff is "similarly situated" to the proposed putative class. Docket No. 71 at 1. But plaintiff has provided the 2019 Rate Schedule, which he claims is the daily pay rate policy for inspectors. *See* Docket No. 70-2. While Rimrock claims that the 2019 Rate Schedule is actually "a document created by Kestrel with rates negotiated by Rimrock and Kestrel" and that Kestrel then determined a separate pay amount for its employees, including plaintiff, Docket No. 71 at 6–7, this appears to be an argument that it was Kestrel, not Rimrock, that employed plaintiff and set his compensation. As the Court explained in its order denying Rimrock's motion to compel arbitration, if plaintiff has wrongfully named Rimrock as his employer, that issue will be resolved through the litigation. *See* Docket No. 50 at 13. Moreover, it is a question for the second stage of collective action certification whether all employees subject to the policy were, in fact, similarly situated.

Second, Rimrock argues that it never admitted that it, rather than Kestrel, was responsible for selecting, hiring, and on-boarding plaintiff and the other inspectors. Docket No. 71 at 6. Rimrock claims that plaintiff's support for his contention is a declaration of David Clarke, president of Kestrel, yet Mr. Clarke could not have made

4

such an admission on behalf of Rimrock. *Id.* Again, the question of which entity actually employed plaintiff and the other inspectors is to be answered later in the litigation, not at the conditional certification stage.

Third, Rimrock argues that plaintiff should be precluded from contradicting his prior judicial admissions. *Id.* at 7. Rimrock states that "admissions in the pleadings are judicial admissions binding upon the parties, unless withdrawn or amended." *Id.* Rimrock lists statements that plaintiff purportedly made in an earlier lawsuit that he filed against Kestrel, but which plaintiff voluntarily dismissed. *Id.* at 7–8. Rimrock believes that these statements contradict statements made in plaintiff's affidavit in this lawsuit. *Id.* The apparent inconsistency is that, in the earlier lawsuit, plaintiff alleged that he as paid by Kestrel, while, here, plaintiff claims that Rimrock paid him. *Id.* As stated above, the question of whether Rimrock or Kestrel employed and paid plaintiff is a fact question that will be answered in the course of the litigation, not at the conditional certification stage. Additionally, under Rimrock's recitation of the rule on judicial admissions, plaintiff's earlier statements cannot be binding in this lawsuit because, as Rimrock states, plaintiff voluntarily dismissed his case against Kestrel. *See id.* at 3. To the extent this objection – or any of Rimrock's other objections – concerns plaintiff's credibility, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations" at this stage. *Sanders v. Glendale Rest. Concepts, LP,* No. 19-cv-01850-NYW, 2019 WL 6799459, at *3 (D. Colo. Dec. 13, 2019) (quoting *Bradford v. Logan's Roadhouse, Inc.*, 137 F. Supp. 3d 1064, 1072 (M.D. Tenn. 2015)).

Finally, in the alternative, Rimrock suggests a different class definition from plaintiff's. Rimrock seeks to define the class as:

> All current and former **welding** inspectors staffed through Kestrel Field Services, Inc. who work[ed] on behalf of REP Processing, LLC d/b/a Rimrock Energy Partners ("Rimrock") ***at the Carr Pipeline, Ault Pipeline and the Spring Creek Pipeline locations*** and who were paid according to ***a*** day rate pay plan in the past three (3) years and who have not expressly agreed to arbitrate their claims against Rimrock and have not waived participation in a collective action.

Docket No. 71 at 13. Rimrock proposes these modifications because, it argues, plaintiff has not shown that all inspectors who worked on all projects were subject to the same policy, but rather has shown at most that other welding instructors who worked at the same three locations as plaintiff were paid according to the 2019 Rate Schedule. *Id.* at 11–13. The 2019 Rate Schedule, however, lists many different types of inspectors who were paid according to the schedule, and Rimrock does not appear to dispute that the 2019 Rate Schedule applied to other kinds of inspectors who worked at different sites. Rimrock's primary concerns are that the 2019 Rate Schedule was Kestrel's policy, not Rimrock's, and that plaintiff has not established that other inspectors were subject to the 2019 Rate Schedule. These issues are factual and substantive, and are not to be resolved at this stage. *See Sanders*, 2019 WL 6799459 at *3. Courts have found conditional certification to be appropriate even "[l]ooking solely to the allegations of the complaint and declaration" of the plaintiff. *Murphy v. Allstaff Med. Res., Inc.*, No. 16-cv-2370-WJM-MEH, 2017 WL 6945036, at *2 (D. Colo. June 13, 2017).[2]

---

[2] Rimrock's final two proposed modifications are changing "its" to "a" and adding language excluding potential class members who have expressly agreed to arbitrate their claims and have not waived participation. Docket No. 71 at 13. Although plaintiff has not objected to these modifications, they will not be accepted. With respect to the

The Court thus finds that plaintiff has presented substantial allegations that members of the putative collective were subject to a single policy – the 2019 Rate Schedule – that violated the FLSA. These allegations satisfy the "lenient" standard for the first stage of collective action certification. *See Baldozier*, 375 F. Supp. 2d at 1092. Thus, the Court conditionally certifies a collective action consisting of:

> All current and former inspectors, staffed through Kestrel Field Services, Inc. who worked for or on behalf of REP Processing, LLC d/b/a Rimrock Energy Partners and who were paid according to its day rate plan in the past three (3) years (the "Day Rate Inspectors").

### B. Notice to Conditional Class

Once the Court concludes that conditional certification of an FLSA collective action is appropriate, the Court may authorize plaintiff to disseminate a proper notice and opt-in consent form to putative class members. *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989); see also 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). The Court has broad discretion regarding the details of the notice sent to potential opt-in plaintiffs. *Hoffmann-LaRoche*, 493 U.S. at 171. "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that

---

first change, while "its" may be not be grammatical, since it could refer to Rimrock or Kestrel, Rimrock proposes this change because it objects that plaintiff was paid according to a Rimrock pay plan. This objection is premature. As to the second change, the Court finds the additional language inappropriate for the reasons set forth in the Court's order denying Rimrock's motion to compel. *See* Docket No. 50. Furthermore, as discussed below, the class may only include those who opt-in.

[potential plaintiffs] can make informed decisions about whether to participate." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (internal citations and quotations omitted).

The proposed notice contains the necessary information, *see* Docket No. 70-6; however, the Court has made slight modifications, which are reflected in the attached exhibits. The notice informs putative class members of the parties involved, the parties' general allegations, information about the collective action designation, how to opt in, and the potential obligations or consequences for putative class members who choose to opt in or not. *Id.* at 2–5. In addition, the Notice provides that opt-in plaintiffs must return consent forms to plaintiff's counsel by a certain date; though the notice is currently blank, plaintiff requests that the date for returning the consent form be set as 60 days from the date of the notice. *Id.* at 3 n.5; Docket No. 70 at 14.

Rimrock raises multiple objections to the notice. First, Rimrock argues that plaintiff's request for a reminder notice should be denied because, Rimrock argues, plaintiff has not established good cause. Docket No. 71 at 13–14. In his motion, plaintiff cites the COVID-19 pandemic as warranting a reminder because the pandemic has created barriers to communication with class members. Docket No. 70 at 14–15. In reply, plaintiff argues that there is good cause for a reminder notice because a second notice "effectuates the purposes of the FLSA" and because inspectors "all work in remote locations that are far away from their homes for weeks at a time." Docket No. 72 at 10. The Court finds Rimrock's argument is unpersuasive. Plaintiff has established good cause, and the burden on Rimrock is minimal. *See German v.*

8

*Holtzman Enterprises, Inc.*, No. 19-cv-03540-PAB-STV, 2021 WL 1087718, at *4 (D. Colo. Mar. 22, 2021); *May v. E & J Well Serv.*, No. 14-cv-00121-RBJ, 2014 WL 2922655, at *3 (D. Colo. June 27, 2014). The Court finds that a reminder notice is appropriate here. However, to address possible concerns of repeatedly notifying members who do not wish to join the putative class, the reminder notice may only be sent to those who have not yet responded to the initial opt-in notice, either by contacting counsel or opting in to the collective action. *See German*, 2021 WL 1087718, at *4. While plaintiff does not state when he requests that the reminder notice be sent, the Court has previously permitted plaintiffs to send reminder notices 15 days before the close of the notice period, *see id.*, which the Court finds appropriate here.

As to Rimrock's other objections, plaintiff states that he will agree to meet and confer with Rimrock regarding the content of the notice and consent forms within five days of the Court granting conditional certification. Docket No. 72 at 9. In addition to the reminder notice, Rimrock objects that the proposed notice does not advise recipients of their option to be represented by plaintiff's counsel, to obtain independent representation, or to proceed pro se. Docket No. 71 at 14. The notice, however, states that, if an individual wishes to opt-in, he or she may return a consent form by mailing it to plaintiff's counsel, but the opt-in plaintiff may also hire an attorney of his or her choice. Docket No. 70-6.[3] The Court finds, however, that the notice should advise

---

[3] Rimrock argues that the notice inaccurately suggests that opt-in plaintiffs must be represented by plaintiff's counsel. Docket No. 71 at 14. Rimrock relies on *Stallings v. Antero Res. Corp.*, No. 17-cv-01939-RM-NYW, 2018 WL 1250610, at *8 (D. Colo. Mar. 12, 2018), *report and recommendation adopted*, 2018 WL 2561046 (D. Colo. Apr. 16, 2018). However, *Stallings* is distinguishable. In that case, the proposed notice said, "[i]f you choose to join this collective action lawsuit, your attorneys will be Michael

potential opt-in plaintiffs that they may proceed *pro se*.

Next, Rimrock objects that the notice should include a statement that potential opt-in plaintiffs may be asked to "(1) appear for a deposition in Denver, Colorado; (2) respond to written discovery; and/or (3) appear at a trial in Denver, Colorado." Docket No. 71 at 14. Plaintiff worries that this will chill participation and that not every potential plaintiff will be asked to testify because FLSA cases routinely proceed, both in discovery and at trial, on a representative basis. Docket No. 72 at 9. Moreover, because this is a nationwide collective action, plaintiff argues that not all depositions or testimony will take place in Denver. *Id.* Rather, plaintiff states that potential plaintiffs living outside of Denver may be deposed where they live, with their depositions used at trial, and that, in light of video teleconferencing capabilities, it is misleading to suggest that traveling to Denver will be a requirement for participation in this action. *Id.* at 10. The Court agrees with plaintiff. This language appears to be unnecessary, inaccurate, and aimed at discouraging participation. "Although it is true that depositions may take place in Colorado . . . this language is misleading in that it only informs the putative class members of one possibility for the location of depositions; it is equally true that depositions may not take place in Colorado." *See Price v. 1st Rate Energy Servs., Inc.*, Case No. 15-cv-00745-WYD-KLM, Docket No. 44 at 7.

---

A. Josephson and Lindsay R. Itkin of the law firm JOSEPHSON DUNLAP LAW FIRM and Richard J. (Rex) Burch and Matthew S. Parmet of the law firm BRUCKNER BURCH, PLLC." Case No. 17-cv-01939-RM-NYW, Docket No. 23-1 at 4. Here, however, the notice states, "[i]f you choose to join this suit *and agree to be represented through the Day Rate Inspectors' attorneys*, your attorneys in this action will be Michael A. Josephson and Carl A. Fitz of the JOSEPHSON DUNLAP LLP and Richard (Rex) Burch of the law firm BRUCKNER BURCH PLLC." Docket No. 70-6 at 4 (emphasis added). The Court finds that this added language obviates the concern in *Stallings*.

Finally, Rimrock claims that the notice does not explain the right not to be bound by a settlement that plaintiff advocates. Docket No. 71 at 14. While the notice states that potential class members who do not wish to be part of the collective action need not be bound, Docket No. 70-6 at 4, the section "Effect of Joining or Not Joining the Lawsuit" makes that language unclear, as there is no explanation of what happens if an individual decides not to join. *See id.* At the meet and confer, the parties should agree on language that explains what may happen to an individual who chooses not to be bound by a potential settlement or resolution.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that:

1. This action shall be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b). The collective action members are defined as follows:

> All current and former inspectors, staffed through Kestrel Field Services, Inc. who worked for or on behalf of REP Processing, LLC d/b/a Rimrock Energy Partners and who were paid according to its day rate plan in the past three (3) years (the "Day Rate Inspectors").

2. The proposed notice [Docket No. 70-6] is approved subject to plaintiffs making the revisions discussed herein and incorporating the modifications reflected in the version of the notice attached to this order.

3. Within ten days, Rimrock shall provide to plaintiff's counsel the names, physical addresses, email addresses, and telephone numbers for all putative members of the FLSA collective in an electronically readable format.

4. Within 15 days after receiving this list from Rimrock, plaintiff shall send the

notice by mail, email, and text message to the last known address of each of the individuals identified on the above-referenced list.

5.  Within 60 days from the send date of the notice, any individual to whom notice is sent shall "opt in" by returning the necessary documents to plaintiff's counsel.

DATE September 16, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge