## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civ. A. No. 1:19-cv-02910-PAB-NYW

ZACHARIAH ROBERTSON, Individually and on Behalf of All Others Similarly Situated,

     Plaintiff,

v.

REP PROCESSING, LLC d/b/a RIMROCK ENERGY PARTNERS,

     Defendant.

## ROBERTSON'S MOTION TO CERTIFY RIMROCK'S APPEAL [Doc. 76] AS FRIVOLOUS (OR FORFEITED)

### A.    INTRODUCTION.

REP Processing, LLC d/b/a Rimrock Energy Partners (Rimrock) filed what it claims is an "interlocutory appeal" of this Court's Order denying its Motion for Reconsideration. *See* Doc. 74. But there is no jurisdictional basis for this alleged appeal. In fact, the Tenth Circuit just informed Rimrock that it does not appear to have jurisdiction and issued a show cause order to avoid summary disposition. Exhibit A. The Tenth Circuit is right to question Rimrock's alleged "appeal."

According to its docketing statement, Rimrock wants to appeal this Court's refusal to compel arbitration. Exhibit B at 5. But that window closed about a year ago. *See* Doc. 50. As the Tenth Circuit notes: "On September 24, 2020, the district court denied Rimrock's motion to compel arbitration." Exhibit A at 1. "Rimrock did not file a timely appeal pursuant to 9 U.S.C. § 16(a) from the district court's order denying the motion to compel arbitration." *Id.* "9 U.S.C. § 16(a) specifically allows for an appeal of certain arbitration orders but does not specify appealability of an order denying a motion for reconsideration." *Id.* While the Tenth Circuit ordered Rimrock to "file a memorandum brief setting

forth the legal basis for … jurisdiction over the interlocutory appeal denying Rimrock's motion for reconsideration[,]" *id* at 2, there simply isn't any.

Additionally, Rimrock's motion for reconsideration, filed 32 days after the Court's order (Doc. 51), did not extend the deadline to appeal this Court's decision not to compel arbitration. FRAP 4(a)(4). Nor is the denial of the motion for reconsideration independently appealable on an interlocutory basis. Exhibit A at 2 ("9 U.S.C. § 16(a) specifically allows for an appeal of certain arbitration orders but does not specify appealability of an order denying a motion for reconsideration."); *Marie v. Allied Home Mortg. Corp.,* 402 F.3d 1, 8 n. 4 (1st Cir. 2005) (orders denying "motions for reconsideration of an appealable interlocutory order are generally not themselves appealable"). In other words, there is no jurisdiction for Rimrock's alleged "interlocutory appeal."

Even if Rimrock could appeal, the result of its appeal would be obvious. At most, the Court of Appeals would be reviewing whether this Court abused its discretion in denying Rimrock's motion for reconsideration. That's a hard row to hoe under the best of circumstances, and it is facially impossible here given Rimrock's failure to show either clear error or manifest injustice. And recall, Rimrock continued to litigate this case for **a year** without seeking a stay pending reconsideration.

In short, Rimrock's appeal is frivolous and/or has been forfeited. The Tenth Circuit already suspects it lacks jurisdiction. This Court can assist the Court of Appeals by certifying Rimrock's appeal as frivolous (or forfeited) and continue to exercise jurisdiction over this case.

**B.     THE TENTH CIRCUIT CLEARLY LACKS JURISDICTION OVER RIMROCK'S ALLEGED "INTERLOCUTORY APPEAL."**

Because it generally divests the district court of jurisdiction over matters involved, an interlocutory appeal has drastic effects on the underlying litigation. *McCauley v. Halliburton Energy Servs., Inc.,* 413 F.3d 1158, 1162 (10th Cir. 2005). It virtually halts the lawsuit in its tracks until the court of appeals can weigh in. *See Stewart v. Donges,* 915 F.2d 572, 575-76 (10th Cir. 1990) ("The divestiture of jurisdiction occasioned by the filing of a notice of appeal is especially significant when the appeal is an interlocutory one. Unlike an appeal from a final judgment, an interlocutory appeal disrupts ongoing

proceedings in the district court."). This obviously cuts against the "long-established policy against piecemeal appeals." *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 477 F.3d 1151, 1153 (10th Cir. 2007).

Given the deep impact wrought by an interlocutory appeal, courts of appeals recognize the potential for their misuse. *Stewart*, 915 F.2d at 576; *see also Apostol v. Gallion,* 870 F.2d 1335, 1338–39 (7th Cir.1989); *United States v. Hines,* 689 F.2d 934, 936–937 (10th Cir.1982); *Howards v. Reichle*, No. CIV.A. 06-CV-01964-C, 2009 WL 2338086, at *2 (D. Colo. July 28, 2009). To check this potential for abuse, the Tenth Circuit permits a district court to retain jurisdiction where the proposed appeal is frivolous or the right to appeal has been forfeited. *McCauley*, 413 F.3d at 1162. "[S]o long as the district court takes the affirmative step of certifying an appeal as frivolous or forfeited, it retains jurisdiction." *Id.*; *Hines,* 689 F.2d at 937; *see also Apostol,* 870 F.2d at 1338–39. In those circumstances, the district court retains full jurisdiction and only intervention by the court of appeals will stop the case from proceeding to judgment. *Martinez v. Mares*, 613 F. App'x 731, 735 (10th Cir. 2015); *Dalton v. Town of Silver City*, No. 2:17-CV-01143-WJ-GJF, 2019 WL 2543421, at *1 (D.N.M. June 20, 2019) (same).

This Court should retain jurisdiction over this case by certifying Rimrock's appeal as frivolous and/or forfeited. *McCauley*, 413 F.3d at 1162.

## C.   RIMROCK'S APPEAL IS FRIVOLOUS AND/OR FORFEITED.

"An appeal is termed frivolous if the result is obvious, or the arguments of error are wholly without merit." *Autorama Corp. v. Stewart*, 802 F.2d 1284, 1288 (10th Cir. 1986). And a defendant "forfeit[s] the right to interlocutory appeal by not filing timely notice" of appeal. *Stewart*, 915 F.2d at 577. Any attempt at an "interlocutory appeal" of the underlying order denying arbitration is clearly untimely. *See* Docs. 50 & 51; *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("the timely filing of a notice of appeal in a civil case is a jurisdictional requirement"); *see also* Exhibit A at 1 ("Rimrock did not file a timely appeal pursuant to 9 U.S.C. § 16(a) from the district court's order denying the motion to compel arbitration."). There is no basis for interlocutory appeal of the order denying reconsideration. *Marie,* 402 F.3d at 8. Therefore, there is no jurisdiction for Rimrock's "interlocutory appeal."

Further, Rimrock "does not contend [that] there is any change in the controlling law, and it has not presented new evidence previously unavailable for the Court's review" and failed to identify "clear error" in the Court's denial of Rimrock's Motion for Reconsideration. Doc. 74 at 3 (citing Doc. 62 at 3). Thus, Rimrock's attempt at an "interlocutory appeal" is frivolous.

1.      **Rimrock's Appeal is Frivolous as the Tenth Circuit Lacks Jurisdiction.**

Rimrock's appeal is frivolous because the Tenth Circuit does not have jurisdiction. Rimrock says it is taking an "interlocutory appeal" of the Court's denial of its Motion for Reconsideration. *See* Doc. 74. But Rimrock offers no jurisdictional basis for an "interlocutory appeal" of the denial of its motion for reconsideration. And, in fact, "orders denying such motions for reconsideration of an appealable interlocutory order are generally not themselves appealable." *Marie,* 402 F.3d at 8 n. 4. Therefore, Rimrock's interlocutory appeal is frivolous on its face.

Not to beat a dead horse, but Rimrock **cannot** appeal the Court's underlying orders because it blew those deadlines a year ago. *See* Docs. 49 & 50 *see also* Exhibit A at 1 ("Rimrock did not file a timely appeal pursuant to 9 U.S.C. § 16(a) from the district court's order denying the motion to compel arbitration."). More than a year has passed since the Court's denial of Rimrock's Motion to Compel Arbitration and it has not appealed that order [Doc. 50]. Rimrock's Motion for Reconsideration did not toll the period for appeal. Doc. 50. "Any motion for reconsideration filed after the [28] day period does not toll the time period for appealing the underlying order that the party is asking to be reconsidered." *Marie,* 402 F.3d at 8 (citing *Lichtenberg v. Besicorp Group Inc.,* 204 F.3d 397, 401 (2nd Cir. 2000).

Such a rule is "virtually essential to orderly judicial management, since interlocutory motions to reconsider are not in the Federal Rules and therefore can be brought at any point in a proceeding, and as many times as a movant wishes." *Id.* (internal cites and punctuation omitted). "A dilatory defendant would receive not only his allotted bite at the apple, but an invitation to gnaw at will." *Id.* Therefore, "[a]bsent some newly available evidence, law, or a new stage of the proceedings, orders denying such motions for reconsideration of an appealable interlocutory order are generally not

themselves appealable." *Id.* After all, "a denial of a motion for reconsideration is not another denial on the merits of the immediately appealable underlying motion." *Id.* So while the Federal Arbitration Act (FAA) gives a party the right to immediately appeal an order denying a motion to compel arbitration, Rimrock forfeited any such right late last year. *see* Exhibit A at 1 ("Rimrock did not file a timely appeal pursuant to 9 U.S.C. § 16(a) from the district court's order denying the motion to compel arbitration.").

Rimrock did not appeal the orders that were the subject of its Motion for Reconsideration. For Rimrock's motion for reconsideration to toll Rimrock's deadline to appeal (even potentially), it had to be filed within 28 days after those orders were entered. *See Meadows v. Allied Pilots Ass'n,* 822 F. App'x 653, 660 (10th Cir. 2020). It wasn't. Instead, Rimrock filed its Motion for Reconsideration **32 days** after the Court's orders. "It is 'all too clear that [Rimrock is] seeking to accomplish by indirection what their own inaction now prevents them from doing directly: contesting, before trial, the appropriateness of the district court's earlier denial of their motion." *Cozza v. Network Assocs., Inc.*, 362 F.3d 12, 17 (1st Cir. 2004) (quoting *Fisichelli v. City Known as Town of Methuen,* 884 F.2d 17, 19 (1st Cir. 1989)). Because Rimrock failed to timely appeal, its attempt at an "interlocutory appeal" of the order denying its motion for reconsideration is forfeited and/or frivolous. *Stewart*, 915 F.2d at 577.

## 2. Any appellate jurisdiction would be limited to the order denying reconsideration.

Again, Rimrock says it is appealing the Court's denial of its Motion for Reconsideration [Doc. 74], not the underlying orders. Doc. 76. Rimrock forfeited the right to appeal those orders by failing to file a timely notice of appeal. Exhibit A at 1 ("Rimrock did not file a timely appeal pursuant to 9 U.S.C. § 16(a) from the district court's order denying the motion to compel arbitration."). However, even when a motion for reconsideration can be appealed (a circumstance that isn't present here), the appeal "is not intended to be a substitute for a direct appeal." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (citing *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir.1996). Therefore, the appeal could address "only the district court's order denying the motion [for reconsideration], and

not the underlying decision itself." *Id.* (citing *Stubblefield v. Windsor Cap. Grp.,* 74 F.3d 990, 994 (10th Cir. 1996)).

3. **Even if it could appeal, Rimrock would face an abuse of discretion standard.**

A motion for reconsideration is reviewed for an abuse of discretion regardless of whether it is made under Rule 59(e) or 60(b). *See Price v. Philpot,* 420 F.3d 1158, 1167 (10th Cir. 2005) ("regardless of whether this claim is treated as a motion to reconsider under Rule 59, Rule 60(b), or as an interlocutory motion before any final judgment, we do not find the court abused its discretion in this case."); *see also Walters v. Wal-Mart Stores, Inc.,* 703 F.3d 1167, 1172 (10th Cir. 2013) ("We also review the district court's denial of a motion to reconsider for abuse of discretion, whether it is construed as a Rule 59(e) or Rule 60(b) motion."). Because it was filed **32 days** after the Court's orders, Rimrock's Motion for Reconsideration is construed as a motion under Rule 60(b). *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir.2006); *Sky Harbor Air Serv., Inc. v. Reams*, 491 F. App'x 875, 892 (10th Cir. 2012).

"Under this high standard, [the Tenth Circuit] will not alter a trial court's decision unless it can be shown that the court's decision was an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Carr v. Remington Arms Co., LLC.*, No. 19-6046, 2021 WL 4520050, at *1 (10th Cir. Oct. 4, 2021). "In reviewing a denial of Rule 60(b) relief," the "review is meaningfully narrower than review of the merits of a direct appeal[.]" *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quotation omitted). The Tenth Circuit may reverse only if it finds "a complete absence of a reasonable basis and [is] certain that the ... decision is wrong." *Id.* Even if Rimrock could appeal, it cannot possibly meet this onerous standard.

4. **Even if it was permissible (and it isn't), Rimrock's "interlocutory appeal" is doomed to fail.**

Again, Rimrock forfeited any right to an interlocutory appeal **last year**. Docs. 50 and 51; Exhibit A at 1 ("Rimrock did not file a timely appeal pursuant to 9 U.S.C. § 16(a) from the district court's order denying the motion to compel arbitration."). But even if it could establish a jurisdictional

basis for its "interlocutory appeal," Rimrock would have to prove this Court abused its discretion by denying its Motion for Reconsideration. There is simply no way Rimrock gets to where it needs to go.

In considering Rimrock's Motion for Reconsideration, the Court considered "whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error." Doc. 74 at 3. The Court correctly observed "Rimrock 'does not contend [that] there is any change in the controlling law, and it has not presented new evidence previously unavailable for the Court's review.'" *Id.* Rather, Rimrock only raised whether there was "clear error in the orders or to prevent manifest injustice." *Id.* Rimrock failed to meet the stringent standards applicable to such a motion.

Instead, Rimrock merely restated many of the same arguments put forth in the original motion, ensuring the Court would not be left with the definite and firm conviction that a mistake had been committed. *Id* at 6. Rimrock's argument boiled down to little more than "if the Court only took another look… it would see things Rimrock's way." *Id* at 7. The Court's refusal to reconsider its decision on arbitration is unimpeachable.

With respect to the motion to strike, Rimrock made no attempt to show a clear error. Instead, Rimrock simply asked "that the Court reconsider its order at this time because the Court's order denies Kestrel the opportunity to defend its actions, which gave rise to [plaintiff's] complaints in the first place, and which, Rimrock believes, will eventually give rise to an indemnity obligation on Kestrel's part." Doc. 74 at 11 (internal citations omitted). Merely asking the Court to think about it again falls woefully short of establishing any clear error in the Court's order. *Id.*

Having done nothing but reiterate the arguments presented in its original motions, Rimrock failed to make any showing, let alone a plausible one, that this Court committed clear error in denying reconsideration. Rimrock's appeal is frivolous on the "merits" as well. Robertson respectfully requests the Court declare Rimrock's appeal to be frivolous and continue to exercise jurisdiction over the case.

## E.   CONCLUSION.

As is evident from the Tenth Circuit's order, Rimrock's interlocutory appeal is frivolous and/or forfeited. The Court should certify it as such.

Respectfully Submitted,

By: */s/ William R. Liles*
      **Michael A. Josephson**
      Texas State Bar No. 24014780
      **Lindsay R. Itkin**
      Texas State Bar No. 24068647
      **William R. Liles**
      Texas State Bar No. 24083395
      **JOSEPHSON DUNLAP, LLP**
      11 Greenway Plaza, Suite 3050
      Houston, Texas 77046
      Tel: (713) 352-1100
      Fax: (713) 352-3300
      mjosephson@mybackwages.com
      litkin@ mybackwages.com

      and

      **Richard J. (Rex) Burch**
      Texas Bar No. 24001807
      **BRUCKNER BURCH PLLC**
      8 Greenway Plaza, Suite 1500
      Houston, Texas 77046
      Tel: (713) 877-8788
      Fax: (713) 877-8065
      rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I served this document via the Court's ECF System in accordance with the Federal Rules of Civil Procedure.

      */s/ William R. Liles*
      **William R. Liles**